**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| BRANDON PRICE and MEGAN ONORATO, individually and on behalf of all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>THE MURDER MYSTERY COMPANY, LLC,<br><br>Defendants. | Case No. 1:20-cv-02474<br><br>Hon. S. Kato Crews, Magistrate<br><br>**THE MURDER MYSTERY COMPANY INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(3) AND (B)(5) AND BRIEF IN SUPPORT OF MOTION**<br><br>**ORAL ARGUMENT REQUESTED** |

| | |
|---|---|
| Shelby Woods<br>HKM Employment Attorneys LLP<br>*Attorneys for Plaintiffs*<br>730 17th Street, Suite 750<br>Denver, Colorado 80202<br>awoods@hkm.com<br><br>David H. Miller<br>Adam M. Harrison<br>Sawaya & Miller Law Firm<br>*Attorneys for Plaintiffs*<br>1600 Ogden Street<br>Denver, Colorado 80218<br>(720) 527-4369<br>aharrison@sawayalaw.com | Brian M. Schwartz (P69018)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>*Attorneys for Murder Mystery Company, Inc.*<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>schwartzb@millercanfield.com |

Pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(5), the Murder Mystery Company, Inc., (the "Company")[1] by and through its attorneys, Miller, Canfield, Paddock, and Stone, PLC, hereby appears through counsel for the limited purpose of moving to dismiss all claims asserted against

---

[1] The Murder Mystery Company, Inc. is incorrectly identified as the Murder Mystery Company, LLC.

1

it in the Complaint [ECF No. 1]. In support, the Company states as follows:

## CONFERRAL STATEMENT

D.C.COLO.LCivR.7.1(b)(2) provides that there is no duty to confer when filing a motion under Fed. R. Civ. P. 12.

## STATEMENT OF THE FACTS

On August 18, 2020, Plaintiffs filed this four-count lawsuit asserting claims under the Fair Labor Standards Act (FLSA), the Colorado Wage and Hour Law, Unjust Enrichment, and for wrongful termination in violation of Colorado public policy [ECF No. 1]. According to the docket report, on August 18, 2020, the Clerk of Court issued a summons. On information and belief, Plaintiffs have not yet filed a proof of service.

On or after September 15, 2020, a copy of the Summons, Complaint, Civil Cover Sheet, and Plaintiffs' Consent to Join forms were affixed with duct tape outside of the Company's Kentwood, Michigan office, at 4450 Airwest Drive SE, Kentwood, Michigan 49512.  Exhibit A, Declaration of Shelby Stremus ¶3, ¶6, Ex 1. Due to the novel Coronavirus pandemic, this brick-and-mortar office is currently closed to all business. *Id. ¶*3. Occasionally, certain select individuals will enter the office for maintenance purposes to ensure the viability of the business. *Id. ¶*4.  On September 17, 2020, an employee observed the papers affixed to the outside of the office. *Id. ¶*6.

The Company, through undersigned counsel, appears to challenge the sufficiency of service of process and to ask the Court to dismiss the claims against it for lack of proper service. *See Harkness v. Hyde*, 98 U.S. 476, 479 (1878) ("The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground").    Moreover, because Plaintiffs'

contractually agreed to a forum selection clause that provides all disputes related to the contract shall be exclusively litigated in federal or state court in Michigan, the Complaint should additionally be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). While Plaintiffs have not yet filed a proof of service or motion for entry of default, the Company files this motion now to protect its interests and to avoid the costs and expenses associated with opposing a motion for entry of default or a motion to transfer.

## ARGUMENT

### A. Plaintiffs' Complaint Should be Dismissed for Improper Venue.

This action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) due to improper venue. "A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956 (10th Cir.1992). "The enforceability of [a] forum selection" clause is a "question[ ] of law which we review de novo." *Id.; K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"),* 314 F.3d 494, 497 (10th Cir. 2002). Federal and Colorado courts generally enforce mandatory forum selection clauses. *ADT Sec. Servs., Inc. v. Apex Alarm, LLC*, 430 F. Supp. 2d 1199, 1201 (D. Colo. 2006) (citing *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992)); *Vanderbeek v. Vernon Corp.,* 25 P.3d 1242, 1247–1248 (Colo.Ct.App.2000), *aff'd,* 50 P.3d 866 (Colo.2002).

Both Plaintiffs executed an independent contractor agreement with the Company that contained an exclusive forum selection clause. The forum selection clause provides that all disputes related to the contract shall be litigated in Michigan. Exhibit A, ¶¶8-9. As such, the United States District Court for the District of Colorado is the improper venue to review a dispute between the parties related to the nature of the Plaintiffs' relationship with the Company.

3

**B.     Plaintiffs' Complaint Should Be Dismissed For Insufficient Service of Process.**

This action should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) due to insufficient service of process on the Company. Plaintiffs have the burden to establish validity of service of process. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). A summons must be served on a corporation by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 5(b)(2)(B) provides that other papers, including a complaint, are served by:

> leaving it: (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Plaintiffs affixed the summons, complaint, and other papers in this matter outside the Company's closed office. Such action forecloses any argument that Plaintiffs have properly served a summons under Fed. R. Civ. P. 4(h)(2), as the papers have not been personally served.

Moreover, several courts have held that leaving papers at an office, such as by slipping the papers under a door, when no one is there, is not proper service under Fed. R. Civ. Pro 5. See *Sinett Inc. v. Blairex Laboratories, Inc*., 909 F.2d 253, 254 (7th Cir. 1990) ("nowhere does the rule allow service to be made simply by inserting the paper to be served into the closed office."); *Ortiz-Moss v. New York City Dep't of Transp.*, 623 F. Supp. 2d 404, 408 (S.D.N.Y. 2008) ("because the office was closed when Plaintiff's counsel attempted to serve Plaintiff's acceptance, service by mail or at the dwelling or abode of Defendants' counsel was required.")

4

Even if the office was opened, Plaintiffs still failed to provide proper service of either the summons or complaint, because the papers were neither personally served, nor left "in a conspicuous place *in the office.*" Fed. R. Civ. P. 5(b)(2)(B)(i)(emphasis added).

Further still, under both the laws of Colorado and Michigan, service of the summons and complaint was improper. In Michigan, service on a private corporation is made by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

MCR 2.105(D). Plaintiffs have failed to successfully effectuate service under the rules of the state in which service was attempted (Michigan). *See* Fed. R. Civ. P. 4(h)(1). Plaintiffs have also failed to effectuate service under the rules of the state where this Court is located (Colorado), since duct taping a copy of the summons and complaints is not permitted by the applicable court rules. Colo. R. Civ. P. 4(e)(4).

5

Despite the myriad of methods in which service of process can be effectuated, a plain reading of the Federal Rules of Civil Procedure demonstrate that Plaintiffs here have failed to properly serve the summons and complaint.

## CONCLUSION

WHEREFORE, the Company respectfully requests that the Court dismiss all claims asserted against it for the reasons set forth herein or, in the alternative, quash service of process on grounds that the form of process was insufficient and did not conform to the Federal Rules of Civil Procedure.

Dated at Detroit, Michigan, this Sixth day October, 2020.

Respectfully submitted,

*s/ Brian M. Schwartz*
Miller, Canfield, Paddock and Stone, P.L.C.
*Attorneys for Murder Mystery Company, Inc*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020 I sent a copy of the foregoing document to counsel for Plaintiffs via electronic ECF filing, electronic, and regular mail at the following addresses:

Shelby Woods
HKM Employment Attorneys LLP
*Attorneys for Plaintiffs*
730 17th Street, Suite 750
Denver, Colorado 80202
awoods@hkm.com

David H. Miller
Adam M. Harrison
Sawaya & Miller Law Firm
*Attorneys for Plaintiffs*
1600 Ogden Street
Denver, Colorado 80218
(720) 527-4369
aharrison@sawayalaw.com

Respectfully submitted,

 *s/ Brian M. Schwartz*
Miller, Canfield, Paddock and Stone, P.L.C.
*Attorneys for Murder Mystery Company, Inc*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

7